<div style="color:red; text-align:center;">CORRECTED</div>

# In the United States Court of Federal Claims

No. 20-1265V

(Filed: March 20, 2025*)

|  |  |
|---|---|
| **CHRISTOPHER DEMORE,** | ) ) ) |
| *Petitioner,* | ) ) ) |
| **v.** | ) ) ) |
| **SECRETARY OF HEALTH AND HUMAN SERVICES,** | ) ) ) ) |
| *Respondent.* | ) ) ) |

*Leah V. Durant*, Law Offices of Leah V. Durant, P.L.L.C., Washington, D.C., for Petitioner.

*Eleanor A. Hanson*, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for Respondent. With her on the briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *C. Salvatore D'Alessio*, Director, *Heather L. Pearlman*, Deputy Director, *Julia M. Collison*, Assistant Director.

## OPINION AND ORDER

**SOLOMSON, Judge.**

Petitioner, Christopher Demore, filed this action pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 *et seq.* ("Vaccine Act"), alleging that an influenza vaccination ("flu vaccine") caused him injuries, including a neurological condition known as myasthenia gravis. ECF No. 1 at 1. On September 26, 2024, Special Master Christian J. Moran denied Mr. Demore's petition for vaccine compensation. ECF No. 82. The Special Master concluded that Mr. Demore did not meet his burden to prove, by a preponderance of evidence, that the flu vaccine caused Mr. Demore's injury. *Id.* at 11–12. Mr. Demore now petitions this Court for review of the Special Master's decision. ECF No. 84. For the reasons explained below, this Court concludes that the Special Master applied the correct standard of review and evidentiary burden to Mr. Demore's claim. Accordingly, the Special Master's decision is affirmed.

---

* This decision was initially issued under seal on February 26, 2025, in accordance with Rule 18(b) of the Vaccine Rules of the United States Court of Federal Claims, to permit the parties time to propose redactions based upon privacy concerns. The parties proposed no redactions and thus this Court reissues the decision for publication.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Demore received a flu vaccine on October 2, 2018. ECF No. 82 at 2. At the time, he was 67 years old, worked as a chef, and had no relevant pre-existing medical conditions. ECF No. 84 at 10; ECF No. 82 at 2. Two weeks after receiving the flu vaccine, Mr. Demore developed diplopia, or double vision. ECF No. 4 at 10. He later developed other "stroke-like" symptoms and was seen by several medical professionals inside and outside of a hospital. ECF No. 84 at 11; ECF No. 82 at 2. Eventually, Mr. Demore was diagnosed with myasthenia gravis, which doctors believed to be the cause of his various ailments. ECF No. 84 at 12; ECF No. 82 at 2. The retained experts of both parties agree with that diagnosis. ECF No. 82 at 2. The ebbs and flows of Mr. Demore's illness are further documented in the medical records that were submitted as record evidence in this case. *See* ECF No. 64-1. Mr. Demore's condition has adversely affected his life; it has limited his use of his right hand, impacted his speech, his ability to eat and drink, and was the catalyst for further medical complications. ECF No. 64-3 at 1.

On September 24, 2020, Mr. Demore initiated this case with his filing of a petition for compensation pursuant to the Vaccine Act. ECF No. 1. Mr. Demore asserts that the flu vaccine caused the onset of myasthenia gravis, and that he is therefore entitled to compensation under the Vaccine Act. ECF No. 1. On September 25, 2020, this case was assigned to Chief Special Master Brian H. Corcoran. ECF No. 4. Mr. Demore filed his medical records on October 5, 2020. ECF. No. 6. The case was reassigned to Special Master Moran on November 18, 2020. ECF No. 9.

On September 26, 2024, after the case was briefed by both parties, Special Master Moran concluded that "the evidence regarding how the flu vaccine can cause myasthenia gravis is lacking in persuasiveness," and, therefore, "Mr. Demore . . . cannot receive compensation." ECF No. 82 at 12.

On October 28, 2024, Mr. Demore filed a motion for review of the Special Master's decision, asking this Court both to set aside the Special Master's conclusions of law and to find that Mr. Demore has satisfied his burden of proving that the vaccine caused his injuries. ECF No. 84 at 26. In the alternative, he asks this Court to remand the case to the Special Master. *Id*. On November 25, 2024, Respondent filed its response. ECF No. 87. The Court now considers Mr. Demore's motion for review.

II.  **STANDARD OF REVIEW**

Pursuant to the Vaccine Act, this Court has jurisdiction to review a special master's decision upon the filing of a petition from either party within thirty days of that decision. 42 U.S.C. § 300aa-12(e)(1). On review, this Court may:

      (A)   uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

      (B)   set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

      (C)   remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa-12(e)(2).

"Under the Vaccine Act, the Court of Federal Claims reviews the Special Master's decision to determine if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" *Markovich v. Sec'y of Health & Hum. Servs.*, 477 F.3d 1353, 1355–56 (Fed. Cir. 2007). "'Arbitrary and capricious' is a highly deferential standard of review: '[i]f the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate.'" *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (quoting *Hines on Behalf of Sevier v. Sec'y of Health & Hum. Servs.*, 940 F.2d 1518, 1528 (Fed. Cir. 1991)). While a special master's overall conclusion is reviewed under the deferential standard of review, a special master's conclusions of law are reviewed *de novo*. *Id.* (citing *Markovich*, 477 F.3d at 1356).

Accordingly, while a special master's decision "is entitled to deference," *Morse v. Sec'y of Health & Hum. Servs.*, 93 Fed. Cl. 780, 783 (2010), this Court will find that a special master has abused his discretion if his decision: "(1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact findings; or (4) follows from a record that contains no evidence on which the [special master] could rationally base [his] decision." *Wirtshafter v. Sec'y of Health & Hum. Servs.*, 155 Fed. Cl. 665, 671 (2021) (quoting *Ninestar Tech. Co. v. Int'l Trade Comm'n*, 667 F.3d 1373, 1379 (Fed. Cir. 2012)).[1]

Our appellate court, the United States Court of Appeals for the Federal Circuit, has thus explained that "the statute contemplates that fact finding will be done by the special master." *Munn v. Sec'y of Health & Hum. Servs.*, 970 F.2d 863, 870 (Fed. Cir. 1992). Indeed, Congress tasked the special masters with the "unenviable job of sorting through these painful cases and, based upon their accumulated expertise in the field, judging the

---

[1] *See also Spahn v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 252, 257 (2018) ("This Court will find an abuse of discretion only where the special master's decision is clearly unreasonable, based upon an erroneous conclusion of law, rests on erroneous fact finding, or based on a record without evidence to support the special master's decision.").

merits of the individual claims." *Hodges v. Sec'y of Dep't of Health & Hum. Servs.*, 9 F.3d 958, 961 (Fed. Cir. 1993).

On a petition for review, "[t]his court does not 'reweigh the factual evidence, or [ ] assess whether the special master correctly evaluated the evidence. And of course we do not examine the probative value of the evidence or the credibility of the witnesses. These are all matters within the purview of the fact finder." *Broekelschen v. Sec'y of Health & Hum. Servs.*, 618 F.3d 1339, 1349 (Fed. Cir. 2010) (citing *Munn*, 970 F.2d at 871). "Rather, as long as a special master's finding of fact is 'based on evidence in the record that [is] not wholly implausible, we are compelled to uphold that finding as not being arbitrary or capricious.'" *Porter v. Sec'y of Health & Hum. Servs.*, 663 F.3d 1242, 1249 (Fed. Cir. 2011) (quoting *Cedillo v. Sec'y of Health & Human Servs.*, 617 F.3d 1328, 1338 (Fed. Cir. 2010)).

"The statute makes clear that, on review, the Court of Federal Claims is not to second guess the Special Masters fact-intensive conclusions; the standard of review is uniquely deferential for what is essentially a judicial process." *Hodges*, 9 F.3d at 961.

### III. DISCUSSION

To receive compensation under the Vaccine Act, a petitioner may prove either that he suffered an injury falling within the Vaccine Injury Table (a "table claim" pursuant to 42 U.S.C. § 300aa-11(c)(1)(C)(i)), or that he suffered an injury that was caused by a covered vaccine but which first began after the time period required by the table (a "non-table claim" pursuant to 42 U.S.C. § 300aa–11(c)(1)(C)(ii)(II)). A table claim imposes on a petitioner a "relaxe[d] proof of causation" burden, while a non-table claim requires the petitioner to present proof of causation in fact. *Grant v. Sec'y of Dep't of Health & Hum. Servs.*, 956 F.2d 1144, 1148 (Fed. Cir. 1992).

In this case, Mr. Demore asserts a non-table claim. *See* ECF No. 1 at 5. Thus, Mr. Demore "must prove 'actual causation' or 'causation in fact' by a preponderance of the evidence." *Moberly ex rel. Moberly v. Sec'y of Health & Hum. Servs.*, 592 F.3d 1315, 1321 (Fed. Cir. 2010). The Federal Circuit has succinctly articulated the burden to prove causation as follows:

> Concisely stated, [Petitioner's] burden is to show by preponderant evidence that the vaccination brought about [petitioner's] injury by providing:
>
> (1) a medical theory causally connecting the vaccination and the injury;
>
> (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and

4

>    (3) a showing of a proximate temporal relationship between vaccination and injury.

*Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). These elements are often called "*Althen* prongs" in the case law.

Mr. Demore argues that the Special Master applied the incorrect burden for a petitioner to prove causation and that the Special Master "improperly elevated petitioner's burden under *Althen* prong one 'not in accordance with [the] law.'" ECF No. 84 at 14–15. In particular, Mr. Demore proposes to differentiate between a burden of persuasion that is a "quantitative measure of the sufficient evidence provided to prove the *prima facie* elements of a petition," and the "qualitative" elements used "to evaluate the relative merits of a petitioner's theory of causation." *Id.* at 16. Attempting to clarify his argument, Mr. Demore explains as follows:

>    Stated differently, a petitioner must provide preponderant proof of every component of the *prima facie* case, including preponderant proof that the *medical theory relied upon to prove causation is plausible.* Petitioner was not obligated to affirmatively prove to a preponderance the scientific proof necessary to affirmatively prove [petitioner's] theory. . . .

*Id.* According to Mr. Demore, the burden on a petitioner is simply to prove that a causation theory is plausible. If a proposed medical theory of causation is "biologically plausible" then, according to Mr. Demore, a petitioner has satisfied the first prong of *Althen*. *Id.* at 17.

This Court rejects this argument as an obfuscation and near misrepresentation of the law.

As explained in *Althen*, the burden of a petitioner is "to show by preponderant evidence that the vaccination brought about [petitioner's] injury." *Althen*, 418 F.3d at 1278. In plain terms, that means that the petitioner has the burden of proving *that the vaccine was the cause of the petitioner's injury*. Full stop. The standard of proof for that burden is "preponderance of the evidence." 42 U.S.C.A. § 300aa-13. *Althen* does not somehow relax that statutory standard, but rather merely provides the evidentiary steps to meet it. *Althen*, 418 F.3d at 1278.

Contrary to Mr. Demore's argument, nowhere does the Vaccine Act anticipate both "quantitative" and "qualitative" levels of proof — whatever that may mean. Simply stated, a petitioner must prove that the subject vaccine was the cause of an injury, and that fact must be proven by a preponderance of the evidence. The Special Master must "determine 'based on the record evidence as a whole and the totality of the case, whether

5

it has been shown by a preponderance of the evidence that a vaccine caused the [petitioner's] injury.'" *Porter*, 663 F.3d at 1249–50.

Here, the Special Master determined that "Mr. Demore has not established with preponderate evidence that molecular mimicry is a reliable theory to explain how the flu vaccine can cause myasthenia gravis." ECF No. 82 at 11. In other words, after reviewing the totality of the evidence regarding the medical theory that Mr. Demore presented, the Special Master determined that Mr. Demore had not proven by preponderant evidence that the flu vaccine caused Mr. Demore's unfortunate case of myasthenia gravis.

The measure of whether a petitioner has met his burden of proof is a holistic one, and the Special Master simply asks one question: has the petitioner demonstrated by the preponderance of the evidence that the vaccine caused the injury. Here, the Special Master answered that question in the negative. Because the Special Master applied the correct burden of proof, this Court must defer to his decision. *Morse*, 93 Fed. Cl. at 783.

To the extent that Mr. Demore argues that the Special Master applied the incorrect burden of proof — *i.e.*, "preponderance of the evidence" instead of mere "plausibility" — that argument is likely waived. As the Respondent points out, ECF No. 87 at 13, Mr. Demore did not raise this argument before the Special Master, and is deemed to have waived it. *See* RCFC, App. B, Vaccine Rule 8(f) ("Any fact or argument not raised specifically in the record before the special master will be considered waived and cannot be raised by either party in proceedings on review of a special master's decision."); *see also Jay v. Sec'y of Health & Hum. Servs.*, 998 F.2d 979, 983 n.4 (Fed. Cir. 1994) (holding that petitioners had "abandoned" arguments not raised below).

In the alternative, and on the merits, this Court concludes that Mr. Demore is wrong about his burden of proof. Indeed, his counsel of record in this case is not the first to suggest a lower "plausibility" standard of proof in vaccine cases before this Court. But while there may be a stray case excerpt or two that may be extracted out of context to support such a position, this Court concludes it is time for this argument to be put to bed (hopefully) once and for all.

For starters, the Vaccine Act's plain language indicates that a petitioner must prove by a preponderance of the evidence that he is entitled to compensation. Thus, the statute provides: "Compensation shall be awarded under the Program to a petitioner if the special master or court finds . . . that the petitioner has demonstrated *by a preponderance of the evidence* the matters required in the petition . . . ." 42 U.S.C.A. § 300aa-13 (emphasis added).

Second, both this Court and the Federal Circuit have repeatedly held that the standard of proof, pursuant to the Vaccine Act, is preponderance of the evidence. For example, in *Howard v. United States*, Judge Lerner demonstrated conclusively that the

6

"[t]he standard for medical proof is preponderance — not plausibility." 2023 WL 4117370, at *4 (Fed. Cl. May 18, 2023). Judge Lerner explained:

> In interpreting the statute, the Federal Circuit has consistently and unequivocally applied a preponderance standard. While the Federal Circuit adjusted pleading standards in *Althen*, the evidentiary standard remained unchanged and applied to all three *Althen* prongs. . . . *The case law reveals consistency, not change. The standard has been preponderance for nearly four decades.* . . .

*Id.* (emphasis added).

Indeed, Judge Lerner collected a host of cases conclusively demonstrating that the preponderance of evidence standard has always been and still remains the proper standard of proof. 2023 WL 4117370 at *4. The Respondent, for its part, marshaled yet additional cases here. *See* ECF No. 87 at 15. Together, such cases include: *Kottenstette v. Sec'y of Health & Hum. Servs.*, 861 F. App'x 433, 439 (Fed. Cir. 2021) ("Petitioners seeking compensation under the Vaccine Act must prove by a preponderance of the evidence that a covered vaccine was a cause of the injury they claim."); *Lozano v. Sec'y of Health & Hum. Servs.*, 958 F.3d 1363, 1368 (Fed. Cir. 2020) ("It is undisputed that [petitioner's] injury is in the off-Table category, meaning that she must prove 'actual causation' or 'causation in fact' by preponderant evidence."); *LaLonde v. Sec'y of Health & Hum. Servs.*, 746 F.3d 1334, 1339 (Fed. Cir. 2014) ("[T]he statutory standard of preponderance of the evidence requires a petitioner to demonstrate that the vaccine more likely than not caused the condition alleged."); *Locane v. Sec'y of Health & Hum. Servs.*, 685 F.3d 1375, 1379 (Fed. Cir. 2012) ("To receive compensation under the Vaccine Act a petitioner must prove by a preponderance of the evidence that the injury at issue was caused by a vaccine."); *Boatmon v. Sec'y of Health & Hum. Servs.*, 941 F.3d 1351, 1360 (Fed. Cir. 2019) ("We have consistently rejected theories that the vaccine only 'likely caused' the injury and reiterated that a 'plausible' or 'possible' causal theory does not satisfy the standard.").[2]

---

[2] *See also Wright v. Sec'y of Health & Hum. Servs.*, 22 F.4th 999, 1001 (Fed. Cir. 2022); *Orloski v. Sec'y of Health & Hum. Servs.*, 839 F. App'x 538, 542 (Fed. Cir. 2021); *Sharpe v. Sec'y of Health & Hum. Servs.*, 964 F.3d 1072, 1078 (Fed. Cir. 2020); *Oliver v. Sec'y of Health & Hum. Servs.*, 900 F.3d 1357, 1361 (Fed. Cir. 2018); *Olson v. Sec'y of Health & Hum. Servs.*, 758 F. App'x 919, 922 (Fed. Cir. 2018); *Lasnetski v. Sec'y of Health & Hum. Servs.*, 696 F. App'x 497, 503 (Fed. Cir. 2017); *Paluck v. Sec'y of Health & Hum. Servs.*, 786 F.3d 1373, 1379 (Fed. Cir. 2015); *Dobrydnev v. Sec'y of Health & Hum. Servs.*, 566 F. App'x 976, 979–80 (Fed. Cir. 2014); *Rickett v. Sec'y of Health & Hum. Servs.*, 468 F. App'x 952, 957 (Fed. Cir. 2011); *Porter*, 663 F.3d at 1249; *Broekelschen*, 618 F.3d at 1345; *Moberly ex rel. Moberly*, 592 F.3d at 1322; *Andreu v. Sec'y of Health & Hum. Servs.*, 569 F.3d 1367, 1382 (Fed. Cir. 2009); *de Bazan v. Sec'y of Health & Hum. Servs.*, 539 F.3d 1347, 1351–52 (Fed. Cir. 2008); *Walther v. Sec'y of Health & Hum. Servs.*, 485 F.3d 1146, 1151 (Fed. Cir. 2007); *Althen*, 418 F.3d at 1278; *Guillory v. Sec'y of Health & Hum. Servs.*, 104 F. App'x 712, 712 (Fed. Cir. 2004); *Helms v. Sec'y of Health &*

In short, the Federal Circuit has long held that the burden of proof for a petitioner to demonstrate that an injury was caused by a vaccine in an off-table case is preponderance of the evidence, and that evidence of mere "plausibility" does not meet the preponderance burden. *Hodges*, 9 F.3d at 961–62 (affirming special master's rejection of claim because "causation in-fact was not supported by a preponderance of the evidence").

Mr. Demore cites several cases in support of his argument that the legal standard for proving the first *Althen* prong is plausibility and not preponderance of the evidence. ECF No. 84 at 14–18 (citing *Hoffman v. Sec'y of Health & Hum. Servs.*, 172 Fed. Cl. 477 (2024); *Andreu*, 569 F.3d 1367; *Paluck*, 786 F.3d 1373; *Sharpe*, 964 F.3d 1072; *Doe 93 v. Sec'y of Health & Hum. Servs.*, 98 Fed. Cl. 553 (2011); and *Pafford v. Sec'y of Health & Hum. Servs.*, 451 F.3d 1352 (Fed. Cir. 2006)). Of those cases, only four are binding Federal Circuit cases, and none of them support Mr. Demore's position. In *Andreu*, the Federal Circuit uses the term "plausible," but not to make a definitive statement regarding the standard of proof. 569 F.3d at 1375. Indeed, the court throughout its decision reiterates that the standard of proof is preponderance of the evidence. *See, e.g., id.* at 1380, ("[E]vidence must be viewed . . . from the vantage point of the Vaccine Act's preponderant evidence standard"); *id.* at 1382 ("Here, the totality of the evidence . . . [is] sufficient to meet the Vaccine Act's preponderant evidence standard."). Moreover, as the Federal Circuit later clarified when discussing *Andreu*, our appellate court "could not have endorsed a lower standard of proof than the preponderance standard." *Kalajdzic on Behalf of A.K. v. Sec'y of Health & Hum. Servs.*, 2024 WL 3064398, at *2 (Fed. Cir. June 20, 2024) (discussing *Andreu*, 569 F.3d at 1375).

Mr. Demore's reference to *Paluck*, 786 F.3d at 1380, is similarly misleading, as the Federal Circuit in that case did not address the applicable standard of proof. Rather, the court simply discussed the Respondent's position on the plausibility of the medical theory at issue. When the court in *Paluck* does discuss the burden of proof, the court references the preponderance standard. *Id.* at 1386 ("The [petitioner's] burden was to show, by a preponderance of the evidence . . . ."). Mr. Demore's cite to *Sharpe*, 964 F.3d at 1083, similarly cherry-picks sentences removed from their decisional context. The court in *Sharpe* was not asked to decide an issue about the petitioner's burden of proof and — to the extent it mentions the issue — expressly notes that the burden is

---

*Hum. Servs.*, 10 F. App'x 934, 935 (Fed. Cir. 2001); *Lampe v. Sec'y of Health & Hum. Servs.*, 219 F.3d 1357, 1371 (Fed. Cir. 2000); *Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1307 (Fed. Cir. 1999); *Knudsen by Knudsen v. Sec'y of Health & Hum. Servs.*, 35 F.3d 543, 547 (Fed. Cir. 1994); *Bradley v. Sec'y of Health & Hum. Servs.*, 991 F.2d 1570, 1575 (Fed. Cir. 1993); *Cucuras v. Sec'y of Health & Hum. Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993); *Hodges*, 9 F.3d at 961–62; *Hellebrand v. Sec'y of Health & Hum. Servs.*, 999 F.2d 1565, 1566 (Fed. Cir. 1993); *Grant*, 956 F.2d at 1146; *Bunting v. Sec'y of Health & Hum. Servs.*, 931 F.2d 867, 873 (Fed. Cir. 1991); *Hines on Behalf of Sevier*, 940 F.2d at 1524–25.

preponderance of evidence. *Id*. at 1078 ("[T]he petitioner must prove that the vaccine in fact caused her injuries by a preponderance of the evidence."). The same is true for Mr. Demore's citation to *Pafford*, 451 F.3d 1352, where the court uses the term "plausible" in passing. Once again, when the court *does* address the burden of proof, the Federal Circuit expressly notes that the applicable standard is preponderant evidence. *Id.* at 1355 ("Under this court's precedent, [petitioner] must prove by preponderant evidence . . . .").

In sum, any reference to a standard below that of preponderance is at best dicta. The Federal Circuit has made it clear, repeatedly and authoritatively, that a petitioner's burden of proof of causation in an off-table case is preponderance of the evidence.

Accordingly, once the Special Master found that Mr. Demore's putative medical theory was unpersuasive in terms of "causally connecting the vaccination and the injury," *Althen*, 418 F.3d at 1278, the Special Master did not need to address the second and third prongs of *Althen*. *Dobrydnev*, 566 F. App'x at 980 ("Because petitioners must meet their burden under all three *Althen* factors to prevail, a failure to do so on any one of these factors is dispositive."); *Oliver*, 900 F.3d at 1361 ("To demonstrate causation, the petitioner's 'burden is to show by preponderant evidence' each of the requirements set forth in *Althen* . . . .").

Indeed, simple logic supports the Special Master's result here. If the medical theory provided to account for the causality of the injury is unpersuasive (*i.e.*, is not supported by preponderant evidence), then no amount of additional temporal evidence makes the injury's connection to the vaccine anything more than a coincidence. Reaching a different conclusion would fall into the logical trap of *post hoc ergo propter hoc* — "after this, therefore because of this." The Special Master found that Mr. Demore's theory of molecular mimicry, ECF No. 84 at 7, was unpersuasive, and therefore Mr. Demore failed to meet prong one of *Althen*; thus, there was no need for the Special Master to reach the second and third prongs.

Finally, the Court concludes that the Special Master did not abuse his discretion in declining to hold a hearing, contrary to Mr. Demore's argument. ECF No. 84 at 24. The Vaccine Act describes the role of special masters in deciding Vaccine Program cases and provides that "the Court of Federal Claims shall promulgate rules" governing the adjudication of such cases, including rules that "include the opportunity for parties to submit arguments and evidence on the record without requiring routine use of oral presentations, cross examinations, or hearings . . . ." 42 U.S.C.A. § 300aa-12. Vaccine Rule 8(d) provides that "[t]he special master may decide a case on the basis of written submissions without conducting an evidentiary hearing." A hearing, pursuant to our Rules is permissive — not mandatory — and thus "[s]pecial masters have wide discretion in determining whether to conduct an evidentiary hearing." *Kreizenbeck v. Sec'y of Health & Hum. Servs.*, 945 F.3d 1362, 1365 (Fed. Cir. 2020); *see also Oliver*, 900 F.3d at 1364 n.6 (citing *Burns by Burns v. Sec'y of Health & Hum. Servs.*, 3 F.3d 415, 417 (Fed. Cir. 1993)).

In this case, the record was fully developed, and Mr. Demore had and took advantage of the opportunity to present his evidence and arguments. Mr. Demore has not identified any facts that would have necessitated the Special Master's holding an evidentiary hearing. There is no evidence that the lack of a hearing somehow prejudiced Mr. Demore in his presentation of his case. This Court therefore concludes that the Special Master did not abuse his discretion by denying Mr. Demore a hearing.

Because the Special Master applied the correct legal standard for the burden of proof, and otherwise acted within his discretion, this Court cannot conclude that the Special Master's ruling was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Markovich*, 477 F.3d at 1355–56 (quoting 42 U.S.C. § 300aa–12(e)(2)(B)).

## IV. CONCLUSION

This Court finds that Special Master Moran's decision was not arbitrary, capricious, or otherwise contrary to law. Accordingly, this Court **AFFIRMS** the Special Master's decision. The Clerk shall enter **JUDGMENT** for the Respondent, dismissing this petition.

**IT IS SO ORDERED**.

<div style="text-align:right">

s/Matthew H. Solomson
Matthew H. Solomson
Judge

</div>